■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT SPRY, Appellant.— Proceedings held and matter remitted to Genesee County Court for determination of the fact question involved, in accordance with memorandum. Memorandum: Defendant appeals from an order of Genesee County Court denying his application for a writ of error *coram nobis* after a hearing. One of the issues of fact raised upon the hearing, and upon which substantial proof was taken, was whether section 308 of the Code of Criminal Procedure had been complied with in the manner of assignment of counsel to the defendant. The County Judge in his order did not pass upon this question although the following is contained in his memorandum decision: "Substantially the same circumstances were found to exist as obtained in *People* v. *Heusinger* (5 A D 2d 758), in which the method of appointing counsel by the

Genesee County Court was upheld and permission to appeal to the Court of Appeals was denied, and certiorari was also denied (78 Sup. Ct. 1002). Such being the case, petitioner and this court are bound by such decisions, and the petition alleging the defect above mentioned is therefore denied." A reading of the record of the hearing indicates that while there is much similarity between *People* v. *Heusinger* (*supra*) and the instant fact situation, there is a very important distinction between the two cases which requires a determination of the question of fact presented upon the hearing as to compliance with section 308 of the Code of Criminal Procedure. In *People* v. *Heusinger* (*supra*) the defendant accepted counsel assigned to him by the method used in Genesee County at that time and thereafter entered a plea of guilty through his assigned counsel. In the case at bar the defendant categorically stated upon the hearing that—"I told Sheriff Brown I did not want assigned counsel; that I would write to Florida to get somebody to be counsel". Defendant further stated that he had not been properly instructed as to his right to counsel, that the assignment of an attorney was over his objection and without his consent and that he was represented upon his trial by counsel not of his own choosing. The People introduced testimony of the District Attorney and the Sheriff to contradict the claim of the defendant but, except for the above statement contained in the memorandum decision of the court, there was no fact determination or finding by the County Court on this question and the order denying the writ makes no mention of this issue. Under these circumstances the matter must be remitted to Genesee County Judge PHILIP J. WEISS for determination of this question of fact. The proceedings are held pending the filing of a supplemental order determining this question. (Appeal from order of Genesee County Court denying defendant's application for writ of error *coram nobis* to set aside a judgment of conviction dated December 17, 1954.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.